**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ROBERT SCOTT**                                                                                                       **PLAINTIFF**

**V.**                                             **NO. 3:22-CV-214-DMB-RP**

**PROTECTIVE INSURANCE
COMPANY, et al.**                                                                             **DEFENDANTS**

**OPINION AND ORDER**

After Robert Scott commenced suit in state court against Protective Insurance Company and Big M Transportation claiming bad faith delay in the payment of uninsured/underinsured motorist benefits, Protective removed the case to federal court asserting that Big M was improperly and/or fraudulently joined to defeat diversity jurisdiction. Following removal, Big M moved for its dismissal arguing it was improperly joined due to Scott's failure to state a claim for relief against it. Because Scott's complaint fails to state a claim against Big M, Big M will be dismissed.

**I
Procedural History**

On September 8, 2022, Robert Scott filed a complaint in the Circuit Court of Tippah County, Mississippi, against Protective Insurance Company; Big M Transportation, Inc.; XYZ Unknown Corporations; and John Does A-D,[1] alleging "injuries and damages incurred as a result of a motor vehicle collision" with an "uninsured motorist" while he was operating a vehicle owned by Big M, his employer, for which he "has been denied the timely and good faith consideration and payment of his claims under the UM policy held by Big M with Protective." Doc. #2 at PageID 21, 22, 29. Against the defendants "jointly and severally," Scott seeks "compensatory and

---

[1] The complaint's caption lists "John Does A-D" but the body of the complaint specifies "John Does 1-10." Doc. #2 at PageID 21, 22.

consequential damages, punitive damages, extra-contractual damages, all other damages allowed by law, together with interest as allowed by law, attorneys fees, and all cost [sic] of court." *Id.* at PageID 29.

Protective removed the case to the United States District Court for the Northern District of Mississippi on October 5, 2022. Doc. #1. Asserting diversity jurisdiction, the removal notice alleges that Protective is "an Indiana corporation with its principal place of business in … Indiana;" Scott is a "citizen of the State of Mississippi;" and Big M, "a corporation licensed and … with its principal place of business in the State of Mississippi," "may be disregarded for purposes of diversity jurisdiction as [it] has been improperly and/or fraudulently joined." Doc. #1 at PageID 2–3. Protective filed an answer to the complaint on October 19, 2022. Doc. #6.

On November 4, 2022, Big M filed a motion to dismiss the claims against it, asserting that it "was improperly joined … because [Scott's] Complaint does not state a claim for relief against [it] that is plausible on its face."[2] Doc. #7 at PageID 94. The motion is fully briefed. Docs. #8, #14, #15.

## II
## Improper Joinder

Improper joinder[3] represents a "narrow exception" to the rule that diversity jurisdiction requires complete diversity between the parties. *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014) (cleaned up). A defendant is improperly joined when "there is no

---

[2] Big M's motion states it was filed "pursuant to Fed. R. Civ. P. 12(b)(1)." Doc. #7 at 1. Its arguments for dismissal focus on Rule 12(b)(6)'s standard for failure to state a claim upon which relief can be granted. *See generally* Doc. #8. "[T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*, 818 F.3d 193, 210 (5th Cir. 2016). A motion brought under Rule 12(b)(1) challenges a court's subject matter jurisdiction.

[3] While case law uses both the terms "improper" and "fraudulent" joinder, "'improper joinder' is preferred." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (cleaned up).

2

reasonable basis … to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (cleaned up). Under the second approach, which is implicated here, "the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant." *Id.* (internal quotation marks omitted).

To determine whether there is a possibility of recovery, "[t]he Court should apply a Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citation omitted). Under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. … A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (cleaned up). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

### III
### Factual Allegations

On "April 7, 2020, at approximately 10:45 p.m., in Augusta County, Virginia … Zaqueo Valenti-Tellez caused an automobile accident to occur between the vehicles driven by himself and the vehicle driven by [Robert Scott], … causing injuries to [Scott]. The vehicle driven by …

3

Valenti-Tellez was uninsured."[4] Doc. #2 at PageID 22. Scott's employer, Big M Transportation, owned the vehicle driven by Scott and held an insurance policy with Protective Insurance Company on the vehicle. *Id.* at PageID 22–23. The policy, which includes "uninsured motorist coverage," was active at the time of the April 7 accident. *Id.* at PageID 22.

Between November 2021 and March 2022, Scott's attorney Steven Pittman sent multiple e-mails and letters to Protective's attorney M. Garner Berry, Big M's attorney Michael Montgomery, and "Protective Claims," "requesting to see [Big M's] policy [with Protective] including all coverage, vehicle and endorsement information."[5] *See* Doc. #2 at PageID 23–24. On November 2, 2021, Pittman received an e-mail from Montgomery providing two documents: a one-page "Selection of Limits for Uninsured/Underinsured Motorist Coverage (Virginia) by the insured Big M" and "Common Policy Declarations." *Id.* at PageID 23; *see* Docs. #2-1, #2-2. According to the Selection of Limits, Big M selected the "[u]ninsured motor vehicle coverage" of "$25,000 because of bodily injury to or death of one person in any one accident." Doc. #2-1. Berry confirmed Big M had $25,000 in relevant "UM coverage" on November 10, 2021. Doc. #2 at PageID 23. The same day, Pittman wrote Berry "requesting all available coverages that would provide coverage for [Scott's] injuries suffered in the incident in Virginia involving the uninsured at-fault driver." *Id.* On November 15, 2021, and December 22, 2021, Pittman sent additional letters to Berry asking for the same information. *Id.* at PageID 24. Pittman e-mailed Berry and Montgomery on December 28, 2021, "requesting additional information on the policies in question and confirmation as to the available coverages." *Id.*

---

[4] Although the "Facts" section of the complaint references Valenti-Tellez as "Defendant Zaqueo Valenti-Tellez," he is not listed in the complaint's caption or in its listing of "Parties." *Compare* Doc. #2 at PageID 21 *with* Doc. #2 at PageID 22.

[5] Pittman earlier notified Montgomery, Berry, and Protective Claims that he or his firm represented Scott. Doc. #2 at PageID 22–23.

On January 18, 2022, Pittman, on Scott's behalf, "filed a Complaint for Discovery in the Chancery Court of Desoto County, Mississippi seeking discovery of the insurance policies that would provide coverage for [Scott]." *Id.* The next day, Pittman e-mailed a copy of the complaint to Montgomery and Berry and asked them to produce the full policy or policies. *Id.* at PageID 25. Pittman e-mailed Montgomery on February 14, 2022, to again ask "for all available coverages for … Scott." *Id.* Pittman received an e-mail from Montgomery on February 24, 2022, with an affidavit attached "signed by Benton Elliot of Big M … stating that the Virginia UM coverage of $25,000 under [the policy] was all the coverage available to … Scott." *Id.* Montgomery's e-mail also requested that Scott dismiss the lawsuit for discovery. *Id.*

Pittman e-mailed Montgomery on March 3, 2022, asking him to "confirm in writing that Big M has no coverage beyond the $25,000 including any and all policies held by Big M that would qualify for stacking under Mississippi law." *Id.* Pittman e-mailed Montgomery again on March 7, 2022, "stating that Liberty Mutual [Scott's personal UM carrier] had tendered limits of $75,000 secondary to the $25,000 reportedly to be held as policy limits by Big M." *Id.* at PageID 26. Pittman also asked if Big M was tendering the $25,000 and for Montgomery to affirm such amount is the limit of available coverage to Scott from all policies held by Big M. *Id.*

On March 31, 2022, Pittman received an e-mail from Montgomery "advising that Big M had $25,000 in coverage … [and] that he would obtain authority to offer that amount if [Scott] would settle with a 'global' settlement." *Id.* Pittman responded the following day that "the affidavit provided by Big M did not address the issue of UM stacking coverages and request[ed] … a response to the discovery complaint." *Id.* The same day, Pittman received an e-mail from Berry "containing a blanket statement that [Scott] cannot stack commercial policies and that there

are no other policies providing coverage." *Id.* Pittman replied "that any issue of stackable policies will be determined by the language of the policies" and requested a response to the discovery. *Id.*

Big M filed "an Answer to the Discovery Complaint … with an attached Policy … from Protective"[6] on April 8, 2022. *Id.* at PageID 27.

## IV
## Analysis

In seeking its dismissal, Big M argues it was improperly joined to defeat diversity jurisdiction because the complaint "contains no factual allegations which would support a claim for UM benefits, breach of contract or bad faith against [it]." Doc. #8 at PageID 112. Scott responds that while "Protective is the insurer in this case … [his] employer, Big M, participated in the unreasonable delay in the handling of the claim including the delay in producing the full policy of insurance and failure to make a good faith offer for payment of benefits under the policy." Doc. #14 at PageID 125. Big M replies that "[Scott] has not alleged any contract exists between [it] and [him]" and "[w]ithout a specific contractual obligation owed by [it], there is no privity, no duty, no breach and no claim on which relief can be granted against Big M arising out of the alleged contract." Doc. #15 at PageID 129, 130.

Against Big M, Scott alleges that "[u]pon information and belief, Protective has acted at the direction of, in concert with and/or in collusion with Big M in the handling of the [insurance] claim." Doc. #2 at PageID 28. Scott does not allege a contract between him and Big M, or a common law or statutory duty of care owed him by Big M with respect to the damages he claims. Under these circumstances, Scott's complaint fails to state a claim against Big M that would survive under the Rule 12(b)(6) standard. Consequently, Big M was improperly joined and will

---

[6] The attached policy did not include "a Mississippi UM waiver" or "schedule of listed vehicles." Doc. #2 at at PageID 27.

6

be dismissed without prejudice. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 210; *see Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1049 (5th Cir. 2021) ("When a district court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice.") (internal quotation marks and citation omitted).

## V
## Conclusion

Big M's motion to dismiss [7] is **GRANTED**. Big M is **DISMISSED without prejudice**.

**SO ORDERED**, this 12th day of June, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**